UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **HAILEY HICKS** | **CIVIL ACTION NO: 1:24-cv-97** |
| **VERSUS** | **JUDGE:** |
| **GENERAL MOTORS, LLC** | **MAG. JUDGE:** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, HAILEY HICKS (hereinafter "Hicks" and/or "PLAINTIFF"), a person of the age of majority who resides in Polk County and is a citizen of the State of Texas, who allege the following against **GENERAL MOTORS, LLC** (hereinafter "GM" and/or "DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), *Chapter 15 U.S.C.A § 2301, et. seq.*, breach of express warranty, breach of implied warranty of merchantability *and Tex. Bus. & Com. Code § 2.314*.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to the *Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B)*, in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in *28 U.S.C. § 1367*.

3. This Court has personal jurisdiction over Defendant who conducts business in the State of Texas, including the Western District of Texas.

4. Venue is proper in this district under *28 U.S.C. §1391* because the Defendant resides in the Western District of Texas.

**PARTIES**

5. Plaintiff is an adult individual residing in Livingston, Texas.

6. Defendant General Motors, LLC (hereinafter "GM" and/or Defendant) is a foreign corporation, with its principal place of business in Michigan that is qualified to do and regularly conducting business in the State of Texas, with its registered and principal place of business in the State of Texas located at 13201 McAllen Pass, Austin, Texas 78753.

7. Defendant is engaged in the manufacture, sale and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including the dealership where the Plaintiff purchased the Vehicle and tendered the Vehicle for repairs.

**FACTUAL ALLEGATIONS**

8. On or about December 23, 2021, Plaintiff purchased a 2021 GMC Yukon Denali from Beck & Masten Buick GMC, Inc. located at 11300 FM 1960 West, Houston, TX 77065 bearing the Vehicle Identification Number 1GKS2DKT0MR461433 (hereinafter the "Vehicle").

9. At all times relevant hereto, the subject vehicle was registered in the State of Texas.

10. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $83,595.00.

11. In consideration for the purchase of said vehicle, Defendant issued to the Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or

workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

12. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiff.

13. The parties' bargain included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

14. The subject is afflicted with certain defects, conditions and non-conformities related to the Vehicle's engine, engine sensors, fuel pump and seat belt system. In connection with those substantial non-conformities, Plaintiff presented the vehicle for repair.

15. Plaintiff delivered the Vehicle to Kramer Autoplex ("Service Facility") located at 401 Highway 59 Loop S Livingston, TX 77351-9051, Big Star Buick GMC ("Service Facility") located at 4411 IH East Baytown, Texas 77521, to remedy these concerns from July 26, 2022 through August 30, 2023.

16. Upon information and belief therein, the defects identified herein, existed at the time the Vehicle left the Defendant's control and are defects with materials and/or workmanship and present reliability and safety concerns for the Plaintiff with regards to the Vehicle.

17. Upon information and belief, the vehicle remains in a defective and/or unreliable state and is substantially impaired.

## CAUSE OF ACTION

**Breach of Express Warranty, Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act,** *15 U.S.C. § 2301, et seq. and Tex. Bus. & Com. Code § 2.314*

18. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff is a "consumer" as defined in *15 U.S.C. § 2301(3)*.

20. Defendant is a "supplier" and "warrantor" as defined in *15 U.S.C. § 2301(4)-(5)*.

21. The subject vehicle is a "consumer product" as defined in *15 U.S.C. § 2301 (6)*.

22. The Vehicle was subject to express warranties and implied warranties of merchantability, as defined in *15 U.S.C. § 2308 and Texas Bus. & C. § 2.314*, running from the Defendant to the Plaintiff.

23. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

24. Defendant breached the express warranty by failing to repair the non-conformities described herein.

25. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

25. Indeed, the Vehicle suffered from engine defects that prevented the Plaintiff from being able to properly use the Vehicle.

26. The persistent defects identified herein are unreasonably dangerous because it can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby

exposing the Vehicle's driver, passengers, and others who share the road with them to serious risk of accidents and injury or death.

27. Plaintiff notified the Defendant of the defects in the Vehicle within a reasonable time after the Plaintiff discovered them.

## DAMAGES

28. As a result of Defendant's breach of express warranty, breach of the implied warranty of merchantability, the Plaintiff seeks all damages, including attorney fees and costs, allowed by law pursuant to *15 U.S.C. § 2310(d)(1)(2), Tex. Bus. & Com. Code Ann. § 2.608 (Revocation )Tex. Bus. & Com. Code Ann. § 2.714 (Reduction)* and incidental and consequential damages pursuant to *Tex. Bus. & Com. Code Ann. § 2.715*.

## PRAYER FOR RELIEF

**Wherefore, Hailey Hicks**, respectfully prays for judgment as follows:

a. An order approving revocation of acceptance of the subject vehicle to include the "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

b. Reasonable attorney's fees and costs and the determination of which damages, if allowed by law shall be trebled, in the event that Plaintiff prevails at a trial on the merits;

c. As an alternative, if the merits justify same, an award for the difference between the value of the goods as warrantied and the value of the goods as accepted:

d. Incidental and consequential damages allowed by law; and

e. Any other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED:

**DUCK LAW FIRM, L.L.C.**


<u>/s/ Kevin R. Duck</u>
**KEVIN R. DUCK (LA23043)**
5040 Ambassador Caffery Parkway
Suite 200
Lafayette, Louisiana 70508
Telephone: (337) 406-1144
Facsimile: (337) 406-1050

**Attorney-in-Charge for Plaintiff,
HAILEY HICKS**